UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| UNITED STATES, *ex rel.* TENN. VALLEY AUTH., | ) ) ) |
| | ) 1:21-CV-00235-DCLC-SKL |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| TREE-REMOVAL RIGHTS WITH RESPECT TO LAND IN RHEA COUNTY, TENN., *et al.*, | ) ) ) ) ) |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Tennessee Valley Authority's ("TVA") Motion for Summary Judgment [Doc. 14]. Defendants have failed to file a response to the TVA's motion. Accordingly, this matter is now ripe for resolution. For the reasons that follow, the TVA's Motion for Summary Judgment [Doc. 14] is **GRANTED**.

**I.     BACKGROUND**

The following material facts are undisputed for purposes of summary judgment. On September 30, 2021, the TVA commenced this action for the taking of property under the power of eminent domain [Doc. 1]. Specifically, the TVA seeks tree-removal rights on the property of Defendants Jose F. and Veronica Lopez ("the Lopezes") to construct a double-circuit 161-kilovolt transmission line [Docs. 1-3, pg. 1; 15, pgs. 1-2]. The Lopezes' property at issue is approximately a three acre parcel in Rhea County, Tennessee [Doc. 15, pg. 2]. The TVA plans to remove trees on the property that pose a risk of falling within five feet of its new transmission line and conductor

[Doc. 15, pg. 2]. The TVA specifically described the property rights it seeks in its Declaration of Taking [Doc. 1-4, pg. 1].

The TVA served Defendants with the Complaint, Declaration of Taking, and the Notice of Condemnation on December 10, 2021 [Doc. 12, pg. 1]. Additionally, the TVA submitted an affidavit from Ivan J. Antal, Manager of Real Property Transactions for the TVA [Doc. 13]. Antal stated that, according to his review of an independent appraisal of the Lopezes' property, the just and liberal compensation for tree-removal rights on their property was $500.00 [*Id.*, pgs. 1-3]. The TVA previously tendered a deposit of $500.00 with the Clerk of Court [Doc. 8]. Defendants have not filed an answer, jury demand, notice of appearance, or any response to the TVA's filings.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 71.1(h) states that the Court "tries all issues, including compensation, except when compensation must be determined . . . by any tribunal specially constituted by a federal statute . . . or . . . by a jury when a party demands one within the time to answer." Fed. R. Civ. P. 71.1(h); *see also United States v. Reynolds*, 397 U.S. 14, 19 (1970). Here, Defendants have not filed a notice of appearance and have not responded to the TVA's motion. Thus, the Court will determine the issue of just compensation according to the procedures for summary judgment laid out in Fed. R. Civ. P. 56. *See United States v. 16,200 Sq. Ft., More or Less of Land*, No. 85-1267, 1986 WL 16851, at *1-*2 (6th Cir. Apr. 7, 1986).

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d

2

900, 907 (6th Cir. 2001). The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. When a motion for summary judgment is unopposed, as is the case here, the Court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). The Court, however, will not *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party. *Id.* at 630 n.11.

Once the movant has discharged this burden, the nonmoving party can no longer rest on the allegations in the pleadings and must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). At summary judgment, the Court may not weigh the evidence, and its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough. *Id.* at 251–52. The Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Lansing Dairy*, *Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

### III. ANALYSIS

The government's estimate of just compensation is presumed reasonable, and a party objecting to the government's estimate has the burden of establishing the fair market value of the

3

Case 1:21-cv-00235-DCLC-SKL   Document 17   Filed 04/19/22   Page 3 of 4   PageID #: 71

property by a preponderance of the evidence. *United States ex rel. T.V.A. v. Powelson*, 319 U.S. 266, 273 (1943); *Welch v. Tenn. Valley Auth.*, 108 F.2d 95, 101 (6th Cir. 1939). The term "just compensation" for a fee acquisition means the fair market value of the subject property just before the acquisition. *See United States v. Dow*, 357 U.S. 17, 23 (1958). Federal Rule of Civil Procedure 71.1(e) allows a defendant to present evidence on the amount of compensation to be paid, even if the defendant has not previously appeared or answered the complaint. Fed. R. Civ. P. 71.1(e)(3).

The TVA has put forward evidence that the fair market value of the Lopezes' property is $500.00. [Doc. 13, pgs. 1-3]. According to Antal's affidavit, the tree-removal rights on the property at their highest possible value are worth $500.00. The TVA contends that Antal's estimate is just compensation for the property. [Doc. 15, pgs. 7-9]. No Defendant has challenged the TVA's estimate or Antal's appraisal. The TVA provided property notice of its Motion for Summary Judgment and served the Lopezes on December 10, 2021. [Doc. 12, pg. 1]. Moreover, no other party claiming an interest in the subject property has responded in opposition to the TVA's motion or shown that a genuine issue of material fact exists as to the amount of just compensation for the property. The Court concludes that TVA is entitled to summary judgment and finds the just compensation for the tree-removal rights on the Lopezes' property is $500.00.

### IV. CONCLUSION

Accordingly, for the reasons stated herein, the TVA's Motion for Summary Judgment [Doc. 14] is **GRANTED**. A separate judgment shall issue.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge